IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-02105-REB-KLM

HAROLD M. "Mickey" FRANCIS;
TOMMIE H. FRANCIS; and
TRAVELERS INDEMNITY COMPANY, as subrogee of the Petroleumplace, Inc.

    Plaintiffs,

v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., d/b/a Le Meridian Heliopolis, a Maryland corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

This matter is before the Court upon Defendant's Unopposed Motion for entry of Stipulated Protective Order. That motion seeks to preserve the confidentiality and privacy of documents and other information to be exchanged by and between the parties pursuant to the above-captioned action. The Court, being fully advised and for good cause, hereby grants the Motion and **ORDERS** as follows:

    1.    The parties may seek discovery that necessarily includes Confidential Information (as defined below in Paragraph 2) from other parties in this action. The disclosure of such Confidential Information outside the scope of this litigation or to unauthorized third persons could result in significant injury to the party's privacy or business interests, or to the interests of third parties whose personal privacy or

1

business interests would be revealed or impaired in the event of an unauthorized disclosure of such Confidential Information.

2. "Confidential Information" means any document, file, record, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note, or copy made from such materials, containing information that a party believes in good faith to be confidential, implicates common law or statutory or constitutional privilege, or a privacy interest, and that is designated by one of the parties in this action in the manner provided in Paragraph 3 below as containing Confidential Information, including, but not limited to nonpublic technical, commercial, financial, personal, personnel, employment, business, confidential, proprietary or trade secret information. This includes transcribed deposition or other witness testimony disclosing Confidential Information.

3. Where Confidential Information is produced, exchanged, provided or otherwise disclosed in response to its disclosure obligations or to any discovery request, it shall be designated as Confidential Information in the following manner:

    a) By imprinting or stamping the word "Confidential" on the first page or cover of any document, record or thing produced;

    b) By imprinting or stamping the word "Confidential" next to or above any response to a discovery request; and

    c) With respect to any transcribed testimony, by giving written notice to opposing counsel designating such testimony, or

portions thereof, as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided in disclosures or in response to a discovery request, or transcribed testimony designated as such, shall be subject to the following restrictions:

    a) It shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever, personal, business or otherwise.

    b) It shall not be communicated, transmitted or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone except to individuals authorized to access or review Confidential Information and for the sole purpose of litigating this case.

5. Individuals authorized to access or review Confidential Information pursuant to this Protective Order, include, but are not limited to, the above-captioned parties and their undersigned counsel of record, claims representatives, support staff utilized by counsel, consultants and expert witnesses. Such individuals authorized to access or review Confidential Information shall hold all Confidential Information in confidence and shall not disclose Confidential Information either verbally, in writing, electronically, or otherwise, to any person, entity or agency not authorized to have access to the same, except as provided in this Order or as otherwise authorized by the Court. Third parties engaged by counsel or the parties, and witnesses, must review and

sign a copy of the Confidentiality Acknowledgment specified in Paragraph 6 below prior to reviewing material subject to this Protective Order.

6. Legal counsel receiving Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order and ensuring that authorized persons to whom Confidential Information is disclosed shall be fully informed in writing regarding the contents and limitations set forth in this Order, and shall maintain a list or other written record of all persons to whom any Confidential Information is disclosed. Counsel shall utilize the written form of Confidentiality Acknowledgment appended hereto as Attachment A in implementing the provisions of this Paragraph 6. Notwithstanding the foregoing and their obligations to maintain the confidentiality of all Confidential Information identified under the terms of this Order, the parties, their legal counsel and support staff, claims representatives for the parties, and stenographic reporters, need not execute a Written Acknowledgment as provided for herein, nor shall any list otherwise be required by this order pertain to such persons.

7. While this action is pending, legal counsel for the party disclosing Confidential Information may, upon agreement, inspect the list or other record maintained by any other party receiving Confidential Information, as required in Paragraph 6 upon a showing of substantial need, such as to establish the source of an unauthorized disclosure of Confidential Information. In the event counsel are unable to agree upon the disclosure of the list or record, then the party seeking access to the list or record may apply to the Court for an appropriate order.

8. No copies of Confidential Information shall be made except by or on behalf of legal counsel for attorney work product purposes in litigating this case, including for review by consultants or experts witnesses, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.LCivR 7.2. Copies shall only be made and used for purposes of this litigation and no other.

9. Counsel receiving Confidential Information shall retain custody of Confidential Information and all copies thereof as allowed in Paragraph 8 during the course of the litigation, except that copies of Confidential Information may be shown to and held by support staff, consultants, witnesses and other persons authorized to see or have access to the information during the course of this litigation and under the provisions of this Order. If a party shows or allows confidential information to be held by outside consultants or witnesses in accordance with Paragraph 6, that party is responsible for the return of such information at or before the conclusion of the litigation.

10. Parties may object to the designation by the other of a document, record, file or other information as Confidential Information by providing written notice to the designating party. The written notice shall specifically identify the document or other information to which objection is made. If the parties are unable to resolve the objection within ten (10) business days after notice of the same is received by the designating party, it shall be the burden of the designating party to apply by appropriate motion to the Court at the expiration of such ten days for a determination on whether the information should be designated as Confidential Information and subject to the terms of this order. The disputed information shall be treated as Confidential Information until the

Court rules on the motion. If the designating party fails to timely file a motion as provided for herein, then the disputed information shall not be deemed Confidential Information and shall not be subject to the confidentiality requirements contained in this Protective Order. In any proceeding challenging the designation of a document or other information as confidential, the party designating a document, record, file or other information as Confidential Information has the burden of establishing the Confidentiality designation.

11.   D.C.COLO.LCivR 7.2 shall govern the submission of any Confidential Information, or contested Confidential Information, to the Court for any purpose. The party seeking to file Confidential Information under seal must file a motion to seal pursuant to and in accordance with D.C.Colo.LCivR 7.2.C, 7.2.F and 7.2.G.

12.   The terms and conditions of this Protective Order shall survive the termination of this action and ~~that~~ the parties, their counsel, and other persons provided Confidential Information shall not be relieved of the confidentiality obligations imposed by this Order, and ~~that~~ the Court shall maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof. Any person in possession of Confidential Information at the conclusion of this action shall, after the final resolution of all appeals, or the expiration of the time for the filing of any appeal, return such information to the party or other source from which it was obtained or destroy all such information; except that legal counsel may retain a single set of all Confidential Information for a period not longer than **120 days** from the final conclusion of the litigation, after which time all retained Confidential Information shall be returned to the

source from which it was obtained, or destroyed. To any extent that any such records are destroyed rather than being returned to their source, counsel responsible for arranging such destruction and any person authorized to receive confidential information, shall certify, in writing, that such destruction was accomplished, and that Defendant was notified in writing of such destruction.

13. By disclosing Confidential Information, the parties do not intend and shall not be construed to waive or adopt any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under the terms of this Protective Order, nor shall it be construed as or used to assert a waiver that a particular document, record or other piece of information is properly discoverable. Nothing in this Protective Order shall preclude the parties from asserting and/or seeking additional or different protection from the Court under Fed.R.Civ.R. 26 (c).

Entered on this 5TH day of November 2010.

BY THE COURT

~~Robert E. Blackburn~~
~~United States District Court Judge~~

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

s/Robert N. Trigg

_____
Daniel B. Galloway
Robert N. Trigg
Eley Galloway Trigg, LLP
1873 South Bellaire Street, #1200
Denver, Colorado  80222
Tel: 303-639-9890
Fax: 303-226-4774
Counsel for Plaintiffs, Harold M. "Mickey" Francis and Tommie H. Francis

s/ Peter C. Middleton

_____
Kevin E. O'Brien
Peter C. Middleton
Hall & Evans, L.L.C.
1125 – 17th Street, # 600
Denver, CO  80202
Tel: 303-628-3300
Fax: 303-628-3368
Counsel for Defendant Starwood Hotels & Resorts Worldwide, Inc.

s/Gregory W. Plank

_____
Gregory W. Plank
Michael Buchanan
Ray Lego & Associates
6060 So. Willow Drive #100
Greenwood Village, CO 80111
Tel: 720-963-7024
Fax: 720-963-7097
Counsel for Plaintiff Travelers Indemnity Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-02105-REB-KLM

HAROLD M. "Mickey" FRANCIS;
TOMMIE H. FRANCIS; and
TRAVELERS INDEMNITY COMPANY, as subrogee of the Petroleumplace, Inc.

    Plaintiffs,

v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., d/b/a Le Meridian Heliopolis, a Maryland corporation,

    Defendant.

---

## ATTACHMENT A

---

    I certify that I have read the attached Protective Order entered in the above entitled and numbered action. Before reviewing or receiving access to the contents of any documents, materials and/or matters designated as "Confidential" or "Confidential Pursuant to Protective Order," I acknowledge and agree that I am personally bound by and subject to the terms of the Stipulation and Protective Order. I further agree to abide by all terms of the Stipulation and Protective Order. I subject myself to the jurisdiction and venue of this Court for the purpose of enforcement of the Protective Order.

    Signed this_____ day of _____, 2010.

_____
Signature

_____
Name

_____
Address

9