IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02105-REB-KLM

HAROLD M. "MICKEY" FRANCIS,
TOMMIE H. FRANCIS, and
TRAVELERS INDEMNITY COMPANY, as subrogee of the Petroleumplace, Inc.,

    Plaintiffs,

v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., d/b/a Le Meridian Heliopolis, a Maryland corporation,

    Defendant.

_____

## ORDER GRANTING LEAVE TO AMEND
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs [sic] Joint Motion to Amend Complaint** [Docket No. 38; Filed November 15, 2010] (the "Motion"). Defendant Starwood Hotels ("Defendant") filed a Response in partial opposition to the Motion on December 6, 2010 [Docket No. 41]. Because a reply is unnecessary for my review, see D.C.COLO.LCivR 7.1C., I consider the matter to be fully briefed and ripe for resolution. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

In the instant motion, Plaintiffs seek to amend their Complaint to add other entities and subsidiaries of Defendant as parties and to add allegations of alter ego liability.

Plaintiffs' request to amend their Complaint was timely filed.[1] Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Specifically, Rule 15(a) directs that "[t]he court should freely give leave when justice so requires." The decision to allow a party to amend rests within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993) (citation omitted).

"The Tenth Circuit has concluded that the timeliness of the amendment and prejudice to the defendant are to be the crux of the inquiry." *Arapahoe County Water & Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *1 (D. Colo. Sept. 25, 2009) (unpublished decision) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). In considering timeliness and prejudice, "[t]he most important . . . factor in deciding a motion to amend pleadings . . . is whether the amendment would prejudice the nonmoving party." *Id.* (quoting *Minter*, 451 F.3d at 1207); *see* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed.

---

[1] Pursuant to the Scheduling Order, the deadline for amendment of pleadings is December 15, 2010 [Docket No. 27]. The Motion was filed prior to that date. However, the Court notes that the minutes from the Scheduling Conference set the deadline for pleading amendment at November 15, 2010 [Docket No. 25]. Although there appears to be a discrepancy in the docket regarding the pleading amendment deadline, the Motion is timely under either deadline.

1990). Here, as noted above, Plaintiffs' request was timely, and Defendant does not argue that it will suffer any undue prejudice if the Court grants the Motion. Rather, Defendant argues only that the majority of Plaintiffs' proposed amendments should be prohibited because they are futile. *See Response* [#41] at 3.

An amendment is futile if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

In opposition to amendment, Defendant "<u>does not procedurally oppose</u> leave for Plaintiffs to name Meridien S.A.S. as a defendant." *Response* [#41] at 3. However, Defendant "<u>opposes</u> all remaining aspects of Plaintiffs' proposed First Amended Complaint as futile, factually unsupportable, unnecessary and technically insufficient, especially in light of recent expedited discovery." *Id.* Specifically, Defendant argues that (1) Plaintiffs cannot sue Le Meridian Heliopolis as an alter ego because it is not a legal entity, rather it is the short-hand name for the hotel where the injury occurred; (2) named subsidiaries of Defendant have no involvement in the management of the hotel; (3) the merit of Defendant's pending motion to dismiss for forum nonconveniens would not be altered by amendment; (4) the basis for federal jurisdiction is lacking; and (5) the Motion is "a

desperate and wholly insufficient attempt to avoid pending motions." *Id.* at 5-7.

Although Defendant raises factual and legal challenges to the proposed Amended Complaint, I find that at this stage of the proceedings it is not clear that Plaintiffs' amendments would be futile. *See Foman*, 371 U.S. at 182 (noting liberal philosophy in letting plaintiff test his proposed legal theories as long as they are not facially deficient). Here, my sole function is to determine whether Plaintiffs have provided a plausible basis for liability, accepting their version of the facts and potential evidence as true.

First, to the extent that Defendant contends that Plaintiffs' proposed amendments fail on legal grounds, for example because alter egos must be legal entities, Defendant fails to cite any support for its contention. *See Response* [#41] at 5. Further, to the extent that Defendant contends that the proposed Amended Complaint is not supported by recently conducted discovery, Defendant's argument fails because the Court evaluates whether a claim is futile as if it were evaluating whether the claim should survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) ("[T]he court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Therefore, the Court does not consider outside evidence. *See Williams Field Servs. Group LLC v. GE, Int'l*, No. 06-cv-0530, 2008 WL 2809902, at *2 (N.D. Okla. July 21, 2008) (unpublished decision) (noting that when opposing a motion to amend, the court will not allow nonmoving party to transform the proceeding on the motion into a "mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims" (citation omitted)).

Although I recognize that Plaintiffs' substantive allegations regarding some of the

4

named subsidiaries may ultimately prove to be insufficient, evaluating the claims from the perspective of a motion to dismiss, and considering the absence of legal argument by Defendant on this issue, I am not convinced that the allegations could not survive a motion to dismiss. In addition, to the extent that Defendant argues that the allegations do not establish a basis for the Court's jurisdiction, this argument can be raised by any Defendant in a motion to dismiss. The Court will be permitted to review additional information and affidavits pursuant to Fed. R. Civ. P. 12(b)(1) to determine whether Plaintiffs have complete diversity with Defendants. Therefore, the Court will leave the question of whether Plaintiffs are actually entitled to recovery to be decided on a fully-briefed dispositive motion, if any, addressing the new parties and allegations, or at trial.[2]

Resolving all ambiguities in favor of Plaintiffs, the Court concludes that at this stage of the proceedings it is not clear that Plaintiffs' proposed amendments are futile. Furthermore, the request was timely made and Defendant has not demonstrated that it will suffer any undue prejudice should the Court allow amendment, which is the most significant consideration. While, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time," 6 Wright et al., *supra*, § 1488, at 670, the Motion was filed at the beginning stages of the case and close in time to the pleading amendment deadline. I give no credence to Defendant's assertion that leave to amend should be denied merely

---

[2] The Court expresses no opinion on the merits of any such motion. Moreover, to the extent that Defendant argues that the proposed amendments do not cure the shortcomings addressed in its pending motion to dismiss for forum nonconveniens, the Court makes several observations. First, that motion is not pending before me and has not been ruled on by the District Court. Second, the case is not stayed pending a determination on the motion and, as such, Plaintiffs should be permitted to file a timely amended complaint even if the case is ultimately dismissed due to the inconvenience of this forum.

because Plaintiffs seek to avoid dismissal pursuant to pending dispositive motions. It is not uncommon for courts to allow amendment of an operative pleading in order to allow a party an opportunity to cure prior to dismissal outright. Further, Defendant's comparison of Plaintiffs' timely attempt to amend their Complaint to a plaintiff's last gasp attempt to amend a complaint after entry of summary judgment is unpersuasive. *See Response* [#41] at 7. Therefore, I find that justice would be served by amendment. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiffs' Amended Complaint [Docket No. 37] is accepted for filing as of the date of this Order.[3]

IT IS FURTHER **ORDERED** that Plaintiffs shall effect service of the Summons, Amended Complaint and this Order on all new Defendants on or before **January 14, 2011**. The newly-served Defendants' responses to the Amended Complaint shall be due as set forth in the Federal Rules of Civil Procedure.

IT IS FURTHER **ORDERED** that Defendant Starwood Hotels shall answer or otherwise respond to the Amended Complaint on or before **January 7, 2011.**

Dated:  December 8, 2010

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

---

[3] The Court reminds Plaintiffs of the requirement under D.C.COLO.LCivR 10.1J. that "[p]arties shall be listed in a caption with one party per line." All future captions shall comply.